# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION

| | |
|---|---|
| JASON HEWETT, individually and on behalf of all others similarly situated, | Civil File No. 7:24-cv-339 |
| Plaintiff, | |
| v. | **COMPLAINT – CLASS ACTION** |
| TRUECOVERAGE LLC | |
| Defendant. | |

## Preliminary Statement

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. The Plaintiff Jason Hewett alleges that TrueCoverage LLC ("TrueCoverage") made unsolicited pre-recorded telemarketing calls to Mr. Hewett and others without their prior express consent.

3. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, he sues on behalf of a proposed nationwide class of other persons who received similar calls.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5. Plaintiff Jason Hewett is an adult individual who resides in this District.

6. Defendant TrueCoverage LLC is a corporation with its principal place of business and headquarters in Boca Raton, FL.

## Jurisdiction & Venue

7. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

8. The Court has specific personal jurisdiction over Defendant because it purposefully availed itself of conducting business in this District, including by sending its illegal prerecorded robocalls to 910-area code numbers and other number registered in this District.

9. Venue is proper under 28 U.S.C. § 1391(b)(2) because the telephone calls at issue were sent into this District, and therefore a substantial part of the events giving rise to the claim occurred in this District.

## TCPA Background

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing …

can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

Calls Made Using a Pre-Recorded Message

11. The TCPA regulates, among other things, the use of a pre-recorded message to make calls or send pre-recorded calls. *See* 47 U.S.C. § 227, *et seq.*; *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

12. Specifically, the TCPA prohibits the use of a pre-recorded message to a wireless number in the absence of an emergency or the prior express written consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

13. "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

14. "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

## Factual Allegations

15. TrueCoverage markets and sells health insurance.

16. TrueCoverage uses illegal pre-recorded telemarketing to promote health insurance over the telephone.

Calls to Plaintiff

17. Mr. Hewett is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

18. Mr. Hewett's residential telephone number (910) XXX-XXXX has been on the National Do Not Call Registry since he registered it there April 2022.

19. This number is assigned to a cellular service.

20. It is used by Mr. Hewett for his personal, family, and residential use only.

21. However, Mr. Hewett received at least one pre-recorded telemarketing call on this number, promoting TrueCoverage's offering for health insurance services, on March 23, 2023 from the Caller ID 252-209-4960.

22. When Plaintiff answered, a series of recorded message with questions played.

23. The call was clearly pre-recorded because (a) the robot's questions were sometimes cut off, (b) the robot had a generic, monotone voice, (c) it would be illogical for a human to call someone and play various scripted questions without the ability to engage in dialogue, (d) the Plaintiff needed to repeat his responses multiple times to the robot to advance, and (e) the robot eventually transferred the Plaintiff to an individual who was clearly human.

24. Eventually, the Plaintiff got past the robot and spoke to a TrueCoverage insurance agent named Richard Weitzel with license number (NPN number) 19978539.

25. These calls were made for marketing purposes because they were made to sell the Plaintiff health insurance.

26. Thereafter, counsel for the Plaintiff attempted to contact TrueCoverage to ascertain why the Plaintiff was called using highly illegal prerecorded robocalls.

27. In response, counsel for TrueCoverage contended that it hired a vendor to place the calls at issue but refused to name the vendor and instead attempted to "pick off" the Plaintiff by making a Rule 408 settlement offer.

28. Plaintiff's privacy has been violated by the above-described telemarketing call.

29. The aforementioned call to the Plaintiff was unwanted.

30. The call was a non-consentual encounter.

31. Plaintiff never provided his consent or requested this call.

32. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## Class Action Allegations

33. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

34. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

35. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **Robocall Class:** All persons in the United States who, (1) within four years prior to the commencement of this litigation until the class is certified (2) received one or more calls on their cellular telephone or any other protected telephone service (3) from or on behalf of TrueCoverage, (4) sent using the same, or substantially similar, pre-recorded message or series of pre-recorded messages used to contact the Plaintiff.

36. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

37. The Plaintiff is a member of and will fairly and adequately represent and protect the interests of these Class as he has no interests that conflict with any of the class members.

38. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their cell phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

39. This Class Action Complaint seeks injunctive relief and money damages.

40. The Class as defined above are identifiable through dialer records, other phone records, and phone number databases.

41. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, is in the hundreds for each class.

42. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

43. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

44. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

45. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

> a. whether a pre-recorded message was used to send calls;
> c. whether the telemarketing calls at issue were made to Plaintiff and members of the Class without first obtaining prior express written consent to make the call;
> d. whether Defendant's conduct constitutes violations of the TCPA; and
> e. whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

46. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION

**Statutory Violations of the Telephone Consumer Protection Act
(47 U.S.C. § 227(b)) on behalf of the Robocall Class**

47. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

48. The Defendant violated the TCPA by sending or causing to be sent calls to the cellular telephones of Plaintiff and members of the Robocall Class using a pre-recorded message without their prior express written consent.

49. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

50. The Plaintiff and Robocall Class members are entitled to an award of treble damages if the Defendant's actions are found to have been knowing or willful.

51. Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting TrueCoverage from using a pre-recorded voice in the future, except for emergency purposes.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting TrueCoverage from making telephone calls advertising their goods or services, except for emergency purposes, to any protected telephone service, including to cellular telephone numbers using a prerecorded voice in the future;

B. As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the Class up to treble damages, as provided by statute, of $1,500 for each and every violation of the TCPA;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D. Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

PLAINTIFF,
By his attorneys,

By:

/s/ *Ryan Duffy*
Ryan Duffy
The Law Office of Ryan P. Duffy, PLLC
1213 W. Morehead Street
Suit 500, Unit #450
Charlotte, North Carolina 28208
ryan@ryanpduffy.com
Telephone: (704) 741-9399

/s/ *Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com